# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**DAVID KATZ,**

    **Plaintiff,**

vs.                                     **CASE NO. 5:10-cv-274/RS-MD**

**FDIC, as Receiver for PEOPLE'S
FIRST COMMUNITY BANK,**

    **Defendant.**

_____/

## ORDER

Before me is Defendant's Motion to Dismiss (Doc. 8). Plaintiff has failed to answer.[1]

Defendant argues that Plaintiff has not met the amount in controversy requirement for diversity jurisdiction, 28 U.S.C. § 1332 (a). While this may be true, Plaintiff has asserted that his cause of action is one arising under the laws of the United States, 28 U.S.C. § 1331.

Plaintiff cites 12 U.S.C. § 1821 (d) (6) as the basis for this Court's jurisdiction. In relevant part, Section 1821 (d) (6) provides that following the rejection of a claim by the FDIC, as receiver, a "claimant may . . . file suit on such claim . . . in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located." Our Circuit has recently noted that

---

[1] Plaintiff is reminded that "failure to file a responsive memorandum may be sufficient cause to grant the motion." N.D. Fla. Loc. R. 7.1 (C).

"Congress contemplated the reality that the FDIC may err in its determination of receivership claims and provided all claimants with the remedy of de novo review in federal court of the FDIC's claims determination." *Bank of Am. Nat'l Ass'n v. Colonial Bank*, 604 F.3d 1239, 1244 (11th Cir. 2010).

Without assessing whether Plaintiff has complied with any required procedural prerequisites, the Motion to Dismiss (Doc. 8) is **DENIED**.

**ORDERED** on January 7, 2011

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**